# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID B. WILLIAMS and
KATHLEEN E. WILLIAMS,

          Plaintiffs,

v.

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,
JOE O'GRADY, and ROB GROSS,

          Defendants.

Case No. 19-CV-301-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiffs David and Kathleen Williams (collectively, the "Plaintiffs") filed this action in Walworth County Circuit Court against Defendants The Travelers Home and Marine Insurance Company ("Travelers"), Joe O'Grady ("O'Grady"), and Rob Gross ("Gross"), alleging claims for breach of contract, bad faith, misrepresentation, and breach of fiduciary duty. (Docket #1-2). Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. (Docket #1).

Now before the Court are two motions to dismiss, one filed by O'Grady and Gross, (Docket #9), and the other filed by Travelers, (Docket #11). Both motions are fully briefed and ripe for adjudication. For the reasons explained below, Travelers' motion will be granted in part and denied in part. O'Grady and Gross' motion will be granted.

## 2. STANDARD OF REVIEW

The defendants bring their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a viable claim for relief.

Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In reviewing the Plaintiffs' Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [Plaintiffs'] favor[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff[s] could prove no set of facts in support of [their] claim that would entitle [them] to the relief requested." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

### 3. RELEVANT ALLEGATIONS

The following factual allegations are taken from Plaintiffs' Complaint. (Docket #1-2). Plaintiffs have a homeowners insurance policy through Travelers covering their home in Williams Bay, Wisconsin. They allege that on May 2, 2018, a hail storm caused damage to the roof and siding of their Williams Bay home, as well as to adjacent sheds. *Id*. Plaintiffs contacted their contractor, Bull Dog Builders LLC ("Bull Dog Builders"), to inspect their property and advise on whether they had a valid insurance claim. The contractor concluded they did.

On June 2, 2018, Travelers insurance agent Gross went to the property to inspect the alleged damage. He found two damaged downspouts, but no hail damage to the roof. Plaintiffs allege that Gross's inspection was insufficient because he did not go up on the roof and he did not inspect the two sheds.

On July 14, 2018, at Plaintiffs' request, Travelers agent O'Grady performed another inspection with Plaintiffs' contractor. O'Grady used a drone to perform the inspection and did not go up on the roof. He also did not inspect the sheds. At this meeting, Plaintiffs gave O'Grady a letter invoking their right of appraisal.

On July 17, 2018, O'Grady informed Plaintiffs by letter that their claim was denied because the damage to their property was due not to hail but to wear and tear, blisters, and damage from fallen tree limbs. His letter referenced an appraisal provision which allowed Plaintiffs to demand an appraisal if they disagreed with Travelers' assessment of damage. On August 15, 2018, Plaintiffs sent an email to Travelers inquiring about their right of appraisal. Travelers denied the request because the estimated damage did not exceed Plaintiffs' insurance deductible.

On September 12, 2018, Plaintiffs' counsel gave notice to Travelers that it was violating the terms of Plaintiffs' policy by denying a valid insurance claim and operating in bad faith. Travelers responded that no hail damage was identified. On October 23, 2018, Plaintiffs provided Travelers with a report from Bull Dog Builders that included an estimate of damages and pictures of the roof, siding, and sheds. O'Grady again denied there was any hail damage to Plaintiffs' property.

### 4.  DISCUSSION

Plaintiffs bring four causes of action. The first, breach of contract, is alleged only against Travelers. The other three causes of action—bad faith, misrepresentation, and breach of fiduciary duty—are alleged against all defendants.

Travelers has moved to dismiss Plaintiffs' misrepresentation and breach of fiduciary duty claims, Counts III and IV of the Complaint, on

various bases. First, Travelers argues that Plaintiffs impermissibly pled these two claims against all defendants collectively.[1] As to Plaintiffs' claim for misrepresentation, Travelers moves to dismiss on the grounds that it was not pled with specificity as required by Rule 9(b) and fails to include numerous elements of a valid claim. As to Plaintiffs' claim for breach of fiduciary duty, Travelers moves to dismiss on the ground that it fails to state a claim under Wisconsin law. Finally, Travelers argues that the Complaint lacks any allegations to support an award of punitive damages.

Gross and O'Grady filed their own motion to dismiss in which they sign on to Travelers' arguments and present an argument of their own: that Plaintiffs have failed to state a claim against them for bad faith, misrepresentation, or breach of fiduciary duty—Counts II, III, and IV of the Complaint—because they were acting as Travelers' agents during all of the alleged misconduct.

The Court will address each relevant cause of action in turn.

**4.1     Misrepresentation**

To state a claim for intentional misrepresentation under Wisconsin law, a plaintiff must allege that: (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his or her detriment. *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 699 N.W.2d 205, 211 (Wis. 2005).

---

[1]Count II, for bad faith, is also alleged against all defendants, (Docket #1-2 at 6–7), but Travelers has not moved to dismiss that claim.

Plaintiffs have alleged that O'Grady and Gross performed inspections of Plaintiffs' roof and "misrepresented" to the Plaintiffs that there was no hail damage and that Travelers was not liable for paying out on the claim. *See* (Docket #16 at 2–3). Therefore, Plaintiffs have alleged that O'Grady and Gross made a factual representation which Plaintiffs believe was untrue (no hail damage), but their allegations fall short on at least two other elements of the claim. First, they do not allege that O'Grady and Gross knew their representation was false or were recklessly indifferent to its falsity; instead, Plaintiffs allege that O'Grady and Gross failed to note the damage because they did not properly inspect the property. (Docket #1-2 at 5). Next, and more importantly, Plaintiffs have not alleged that they believed the statement to be true and relied upon it. Quite to the contrary, Plaintiffs allege they knew all along that Defendants' assessment of the hail damage was wrong.

Plaintiffs have not alleged facts sufficient to state a claim for misrepresentation. It follows, then, that Plaintiffs have also failed to plead their misrepresentation claim with particularity as required by Rule 9. The misrepresentation claim will be dismissed.

### 4.2  Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under Wisconsin law, a plaintiff must allege that: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused the plaintiff's damage. *Berner Cheese Corp. v. Krug*, 752 N.W.2d 800, 809 (Wis. 2008). The existence of a duty is a question of law. *Stephenson v. Universal Metrics, Inc.*, 641 N.W.2d 158, 163 (Wis. 2002). Travelers argues that Plaintiffs have not alleged a fiduciary relationship with Defendants. The Court agrees.

The Complaint alleges that Travelers was Plaintiffs' property insurer and O'Grady and Gross were Travelers' agents. Under Wisconsin law, an insurer does not have a fiduciary relationship with an insured in a first-party claim. *See Baires v. State Farm Mut. Auto. Ins. Co.*, 231 F. Supp. 3d 299, 312 (E.D. Wis. 2017). The Wisconsin Supreme Court explained in *Brethorst* that in cases involving a third-party claim, "the insurer's complete takeover of the insured's defense creates a quasi-fiduciary relationship. That relationship is different from the insurer-insured relationship in a first-party claim. In a first-party bad faith claim, the insured insists that the insurer wrongfully denied benefits or intentionally mishandled a legitimate claim for benefits." *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 798 N.W.2d 467, 479 (Wis. 2011). In other words, first-party insurers, like Travelers in this case, are not obligated to assume their insureds' defense or act in their insureds' interest. Travelers' duty with respect to Plaintiffs' first-party claims, as alleged, is not fiduciary in nature. The relationship between Travelers and Plaintiffs is contractual.

Plaintiffs argue that Wisconsin law is "unsettled" as to whether a first-party insured has a fiduciary relationship with his or her insurer. The only authority they cite for this proposition is *DeChant v. Monarch Life Insurance Company*, 547 N.W.2d 592 (Wis. 1996). The Wisconsin Supreme Court in that case considered whether attorney's fees and bond premiums incurred by an insured in prosecuting a breach of contract and insurance bad faith action are recoverable as compensatory damages. *Id.* at 595. In holding that they are, the court discussed the nature and purpose of a first-party bad faith claim. The court explained that "[b]y virtue of the relationship between the parties created by an insurance contract, a special duty arises, the breach of which duty is a tort and is unrelated to contract

damages." *Id.* at 596. The court also noted that "an insurance policy represents a unique type of legally enforceable contract. An insurer has a special 'fiduciary' relationship to its insured which derives from the great disparity in bargaining positions of the parties." *Id.* (internal citation omitted).

But the court's use of the terms "duty" and "fiduciary relationship" in that case does not mean that a first-party insured has a fiduciary relationship with his or her insurer. Instead, the *DeChant* court simply meant that a breach of the "special duty" created by an insurance policy gives rise to a claim for bad faith. *Id.* at 595–96. Nowhere in its discussion of the relationship between a first-party insured and its insurer did the *DeChant* court suggest that *another tort*, breach of fiduciary duty, would also arise from such a breach. Therefore, *DeChant* does not change this Court's conclusion. An insured has a contractual remedy for breach of contract and an extra-contractual remedy for common law bad faith, both of which Plaintiffs have separately pled.

Because Plaintiffs have not pled the existence of a fiduciary duty, their claim for breach of fiduciary duty will be dismissed.[2]

### 4.3 Bad Faith Claim Alleged Against Gross and O'Grady

Gross and O'Grady argue that Plaintiffs have failed to state a claim against them for bad faith because they were acting as Travelers' agents at

---

[2]Because the Court agrees with Travelers (and O'Grady and Gross, who signed on to Travelers' arguments) that Plaintiffs' misrepresentation and breach of fiduciary duty claims must be dismissed for the reasons stated above, the Court need not consider Travelers' alternative argument that those claims ought be dismissed because they are alleged against all defendants collectively.

all relevant times.[3] Where the agency relationship is disclosed, they argue, a plaintiff is only entitled to recover against the principal.

It appears that the Wisconsin courts have not yet addressed whether insurance adjusters may be held personally liable for actions taken within the scope of their duties. The parties were not able to locate any such precedent, and the Court did not independently locate any either. Instead, Gross and O'Grady point to the Seventh Circuit's decision in *Lodholtz v. York Risk Services Group, Inc.*, wherein the court held, under the principles of agency law in Indiana, that insurance adjusters cannot be held liable in tort for actions taken within the scope of their agency. 778 F.3d 635, 643 (7th Cir. 2015). The court reasoned that an insurer has a duty, arising from the unique contractual relationship between an insurer and insured, to deal in good faith with its insured; but this duty does not extend to an agent, who is not liable for actions taken on behalf of the insurer. *Id.* at 642–45.

Wisconsin courts are likely to reach the same conclusion. The longstanding general rule in Wisconsin regarding agency law is that where an agent acts on behalf of a disclosed principal, the agent does not become personally liable to the other contracting party. *Benjamin Plumbing, Inc. v. Barnes*, 470 N.W.2d 888, 893 (Wis. 1991) (citations omitted). Exceptions to this rule include, for example, that an agent will be considered a party to the contract where the principal is only partially disclosed. *Id.* That is not the case here. Plaintiffs contracted directly with Travelers, not its individual agents. In the cases the Court has located wherein Wisconsin courts have permitted claims by an insured against his agent, the basis of the claim was

---

[3]After dismissal of Plaintiffs' misrepresentation and breach of fiduciary duty claims for the reasons explained above, the only remaining claim against Gross and O'Grady is for bad faith.

that the insurance agent allegedly failed to procure the coverage the insured requested. *See, e.g., Schurmann v. Neau*, 624 N.W.2d 157, 161 (Wis. Ct. App. 2001). That scenario is, of course, different from the instant case, because the agent's liability in that scenario is not dependent on his relationship to the principal. *Id.*

Most other jurisdictions to have considered the issue have declined to recognize bad-faith claims against agents, independent adjusters, and other entities that are not in privity with the insured. *See The William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 782–83 (S.D. Ohio 2015) ("Ohio law most strongly points to the conclusion that, absent privity, an insured may not sue a third-party claims administrator for adjusting its claim in bad faith."); *McLaren v. AIG Domestic Claims, Inc.*, 853 F. Supp. 2d 499, 511 (E.D. Pa. 2012) (noting that Pennsylvania does not allow bad-faith claims against third-party administrators); *Simmons v. Cong. Life Ins.*, 791 So.2d 360, 365–66 (Ala. Civ. App. 1998) (affirming summary judgment in favor of a third-party administrator on a bad-faith claim based on lack of privity), *aff'd in part, vacated in part, rev'd in part on other grounds*, *Ex Parte Simmons*, 791 So.2d 371 (Ala. 2000); *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799, 803 (1999) ("Our decision is consistent with the majority of cases in other states, which hold that an independent adjuster hired by the insurer owes no duty of care to the insured."); *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins.*, 355 S.C. 614, 586 S.E.2d 586, 588 (S.C. 2003) (holding that "no bad faith claim can be brought against an independent adjuster or independent adjusting company" due to the lack of privity); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697–98 (Tex. 1994) (finding that a claims adjustment firm could not be sued in bad faith by the injured employee because it was not part of the special relationship among

the employee, the employer, and the insurer); *Hamill v. Pawtucket Mut. Ins.*, 892 A.2d 226, 230 (Vt. 2005) ("We concur with the majority view that public policy considerations do not favor creating a separate duty on the part of independent adjusters that would subject them to common-law tort actions by insureds who have suffered economic loss as the result of allegedly mishandled claims.").

The Court finds that Wisconsin courts are unlikely to break new ground on this issue. An insurance agent owes a duty to the insurer who employs him. A new duty to the insured would conflict with that duty and interfere with its faithful performance. This would be poor policy. Further, in most cases a duty between agents and insureds would be redundant, because the insurer also would be liable for unreasonable investigation or claims handling.

Therefore, O'Grady and Gross, insurance agents acting on behalf of a disclosed principal, cannot be held personally liable for bad faith. Plaintiffs' bad faith claim with respect to O'Grady and Gross will be dismissed.

### 4.4 Punitive damages

Finally, Travelers seeks dismissal of Plaintiffs' prayer for punitive damages. To be entitled to an award of punitive damages at trial, Plaintiffs must establish "(1) evil intent deserving of punishment or of something in the nature of special ill-will; or (2) wanton disregard of duty; or (3) gross or outrageous conduct." *Trinity Evangelical Lutheran Church & Sch.-Freistadt v. Tower Ins. Co.*, 661 N.W.2d 789, 797 (Wis. 2003). Travelers notes that "[p]roof of a bad faith claim does not necessarily make the award of punitive damages appropriate." *Id.* Travelers argues that Plaintiffs fail to plead any allegations specifically addressing evil intent, wanton disregard of duty, or

the employee, the employer, and the insurer); *Hamill v. Pawtucket Mut. Ins.*, 892 A.2d 226, 230 (Vt. 2005) ("We concur with the majority view that public policy considerations do not favor creating a separate duty on the part of independent adjusters that would subject them to common-law tort actions by insureds who have suffered economic loss as the result of allegedly mishandled claims.").

The Court finds that Wisconsin courts are unlikely to break new ground on this issue. An insurance agent owes a duty to the insurer who employs him. A new duty to the insured would conflict with that duty and interfere with its faithful performance. This would be poor policy. Further, in most cases a duty between agents and insureds would be redundant, because the insurer also would be liable for unreasonable investigation or claims handling.

Therefore, O'Grady and Gross, insurance agents acting on behalf of a disclosed principal, cannot be held personally liable for bad faith. Plaintiffs' bad faith claim with respect to O'Grady and Gross will be dismissed.

### 4.4 Punitive damages

Finally, Travelers seeks dismissal of Plaintiffs' prayer for punitive damages. To be entitled to an award of punitive damages at trial, Plaintiffs must establish "(1) evil intent deserving of punishment or of something in the nature of special ill-will; or (2) wanton disregard of duty; or (3) gross or outrageous conduct." *Trinity Evangelical Lutheran Church & Sch.-Freistadt v. Tower Ins. Co.*, 661 N.W.2d 789, 797 (Wis. 2003). Travelers notes that "[p]roof of a bad faith claim does not necessarily make the award of punitive damages appropriate." *Id.* Travelers argues that Plaintiffs fail to plead any allegations specifically addressing evil intent, wanton disregard of duty, or

outrageous conduct, separate and apart from Plaintiffs' bad faith allegations. (Docket #11 at 7).

Travelers misunderstands the nature of a prayer for punitive damages. Punitive damages need not be pleaded as a stand-alone cause of action. *Tikalsky v. Friedman*, 928 N.W.2d 502, 507 (Wis. 2019). Plaintiffs are not, in other words, required to present a rote recitation of the elements outlined above. Instead, the prayer for punitive damages "are to be construed, as all pleadings are, to do substantial justice to the parties." *Wangen v. Ford Motor Co.*, 294 N.W.2d 437, 462 (Wis. 1980) (citing Wis. Stat. § 802.02(6)). "The claim should be dismissed as legally insufficient only if it is clear that the plaintiff cannot recover under any condition." *Id.* (citing *Ollerman v. O'Rourke Co., Inc.*, 288 N.W.2d 95 (Wis. 1980)). Plaintiffs' Complaint clearly surpasses this low bar. The Complaint, and all reasonable inferences therefrom, establishes that Travelers has repeatedly employed the ostrich defense to avoid paying Plaintiffs' claim. Whether Plaintiffs can prove this at trial is another matter.

**5.    CONCLUSION**

For the reasons discussed herein, Travelers' motion to dismiss will be granted in part and denied in part. The motion will be granted with respect to Plaintiffs' misrepresentation and breach of fiduciary duty claims, Counts III and IV of the Complaint. Those claims will be dismissed entirely. The motion will be denied with respect to Plaintiffs' prayer for punitive damages. O'Grady and Gross' motion to dismiss will be granted. Plaintiffs' claims against them will be dismissed, and O'Grady and Gross will be dismissed from this action.

Accordingly,

**IT IS ORDERED** that Defendant The Travelers Home and Marine Insurance Company's motion to dismiss (Docket #11) be and the same is hereby **GRANTED in part and DENIED in part**. The motion is granted with respect to Plaintiffs' misrepresentation and breach of fiduciary duty claims, Counts III and IV of the Complaint. The motion is denied with respect to Plaintiffs' prayer for punitive damages;

**IT IS FURTHER ORDERED** that Defendants Joe O'Grady and Rob Gross' motion to dismiss (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs' misrepresentation and breach of fiduciary duty claims, Counts III and IV of the Complaint (Docket #1-2 at 7–8), be and the same are hereby **DISMISSED** as to all Defendants;

**IT IS FURTHER ORDERED** that Plaintiffs' bad faith claim, Count II of the Complaint (Docket #1-2 at 6–7), be and the same is hereby **DISMISSED** as to Defendants Joe O'Grady and Rob Gross; and

**IT IS FURTHER ORDERED** that Defendants Joe O'Grady and Rob Gross be and the same are hereby **DISMISSED from this action**.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge